```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF FLORIDA
         TAMPA DIVISION
```

GS HOLISTIC, LLC,

      Plaintiff,

v.                              Case No. 8:22-cv-2179-VMC-TGW

BROTHER PASTOR LLC d/b/a
LARGO SMOKE SHOP, MATTHEW
S MOSES, and EARL BURDETTE,

      Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiff GS Holistic, LLC's Amended Motion to Dismiss Case Voluntarily Without Prejudice (Doc. # 28), filed on March 22, 2023, and Defendants Brother Pastor LLC, Matthew S. Moses, and Earl Burdette's Motion for Sanctions (Doc. # 29), filed on March 23, 2023. Both parties responded. (Doc. ## 30, 31). For the reasons that follow, GS Holistic's Motion and Defendants' Motion are both granted.

**I.  Background**

    On September 20, 2022, GS Holistic filed its complaint alleging trademark infringement and unfair competition in violation of 15 U.S.C. §§ 1114 and 1125(a). (Doc. # 1). The complaint alleges that Defendants sold "glass infusers

bearing reproductions, counterfeits, copies and/or colorable imitations of the Stündenglass Trademarks" and that the "spurious marks" were "identical with, or substantially indistinguishable from, the Stündenglass Trademarks." (Id.). The factual basis for the complaint is an Investigation Worksheet, which GS Holistic turned over to Defendants as part of its initial disclosures, detailing a private investigator's findings after a visit to the Largo Smoke Shop. (Doc. # 29-1). The investigator purchased one ELATE brand gravity hookah on July 22, 2022, and submitted her report the same day. (Id.). The worksheet indicates that the gravity hookah did not have the Stündenglass mark and includes photographs showing the ELATE mark on the product, packaging, and receipt. (Id.).

GS Holistic served Defendants on October 4, 2022, (Doc. ## 9-11), and attached a letter stating Defendants should contact its counsel within seven days of receipt. (Doc. # 30-1). If Defendants did not agree to settle the case within seven days, the letter indicated that "things [would] become much more expensive, as a federal lawsuit is an extremely serious matter." (Id.).

On October 18, 2022, Plaintiff's counsel, Gabrielle Penalta, and Defendants' counsel, Mitchell Ghaneie, discussed

2

over the phone that GS Holistic's trademarks were not on the gravity hookah, and thus Ms. Penalta had filed the wrong causes of action. (Doc. # 30-2 at 2). Ms. Penalta then indicated that she believed the correct cause of action was patent infringement. (Id.). Ms. Penalta stated that she would amend the complaint to reflect that the case was one for patent infringement. (Id.). However, GS Holistic never filed an amended complaint. Defendants filed their answer on November 23, 2022. (Doc. # 18). On December 14, 2022, Ms. Penalta filed a motion to strike Defendants' answer to the complaint (Doc. # 22), which the Court denied both for violating Local Rule 3.01(g) and on the merits. (Doc. # 32).

On February 6, 2023, Ms. Penalta emailed Defendants' counsel "to follow up on settlement prior to spending time and money on mediation." (Doc. # 30-2 at 4). On the same day, Defendants served their first Request for Admissions. (Id.). On February 22, 2023, Ms. Penalta sent another email following up on her request for settlement discussions. (Id.). Defendants' counsel again informed her that GS Holistic's trademark infringement claim was frivolous and should be dismissed. (Id.). Ms. Penalta ignored this and continued to send emails asking to discuss settlement. (Id.).

On February 27, 2023, Defendants sent Ms. Penalta a Rule 11 letter with a copy of their Motion for Sanctions, placing her on notice that they would file the motion in twenty-one days unless she amended or withdrew the complaint. (Id. at 32). That day, Ms. Penalta and Defendants' counsel discussed the Rule 11 letter, and Ms. Penalta asked if Defendants would agree to a joint dismissal without prejudice or a motion to amend the complaint. (Id. at 5). Defendants' counsel indicated they would only accept a joint dismissal with prejudice and would not consent to a motion to amend the complaint. (Id.). By this time, the deadline to amend the complaint, February 7, 2023, had passed. (Doc. # 19).

On March 8, 2023, GS Holistic responded to Defendants' Request for Admissions and admitted the following:

1. Admit the Stündenglass Mark is not affixed to the Product in Question.
2. Admit none of the Registered Trademarks are affixed to the Product in Question.
3. Admit the Stündenglass Mark is not affixed to the packaging for the Product in Question.
4. Admit nearly identical versions of the Stündenglass Mark are not affixed to the Product in Question.
5. Admit none of the Registered Trademarks are affixed to the packaging for the Product in Question.
6. Admit nearly identical versions of the Stündenglass Mark are not affixed to the packing for the Product in Question.
7. Admit the attached Investigative Report states "Bottom of item has NO logo."

8. Admit the Investigative Report shows the Product in Question was labeled "Elate."
9. Admit Stündenglass is not listed on the purchase receipt.
10. Admit the GS investigator did not purchase a glass infuser with a Stündenglass Mark affixed to it from Largo Smoke Shop.
11. Admit the GS investigator did not purchase a glass infuser with a Registered Trademark affixed to it from Largo Smoke Shop.
12. Admit the Product in Question was sold in connection with the term "Elate".
13. Admit the Product in Question was not sold in connection with the term Stündenglass.
14. Admit the term "Elate" is not identical to Stündenglass.
15. Admit Plaintiff cannot identify or produce any documentation showing that the Product in Question was sold or offered for sale in connection with the trademark "Stündenglass".
16. Admit Plaintiff cannot identify or produce any documentation showing that the Product in Question was sold or offered for sale in connection with any of the Registered Trademarks.

(Doc. # 30-4).

On March 22, 2023, Mr. Ghaneie sent an email to Ms. Penalta, indicating that Defendants would be filing their Motion for Sanctions the next day, unless GS Holistic filed a motion to dismiss the case with prejudice. (Doc. # 30-2 at 6). Ms. Penalta responded, stating that she would file a motion to dismiss without prejudice the following morning. (Id.).

GS Holistic filed its Amended Motion to Dismiss Case Voluntarily Without Prejudice on March 22, 2023. (Doc. # 28).

5

Defendants responded on March 30, 2023. (Doc. # 30). Defendants filed their Motion for Sanctions on March 23, 2023. (Doc. # 29). GS Holistic responded on April 6, 2023. (Doc. # 31). The Motions are now ripe for review.

## II.  Legal Standard

### A. Voluntary Dismissal

"Rule 41(a) of the Federal Rules of Civil Procedure governs a plaintiff's ability to dismiss an action voluntarily and without prejudice. The rule allows a plaintiff to do so without seeking leave of court, as long as the defendant has not yet filed an answer or a motion for summary judgment." Arias v. Cameron, 776 F.3d 1262, 1268 (11th Cir. 2015) (internal citations omitted). But, if the defendant has filed an answer or motion for summary judgment,

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of

6

curative conditions.'" Arias, 776 F.3d at 1268 (quoting McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986)).

"A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Id. In determining whether a defendant will suffer clear legal prejudice, "the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant." Peterson v. Comenity Capital Bank, No. 6:14-cv-614-CEM-TBS, 2016 WL 3675457, at *1 (M.D. Fla. May 3, 2016) (quoting Pezold Air Charters v. Phx. Corp., 192 F.R.D. 721, 728 (M.D. Fla. 2000)); see also Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1259 n.5 & 1259-60 (11th Cir. 2001) (describing these factors as a guide, rather than a mandatory checklist, which derives from Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). Ultimately, "[t]he court's task is to 'weigh the relevant equities and do justice between the parties.'" Goodwin v. Reynolds, 757 F.3d 1216, 1219 (11th Cir. 2014) (quoting McCants, 781 F.2d at 857).

In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." Pontenberg v. Boston Science Corp., 252 F.3d 1253 (11th Cir.2001). Furthermore,

> [i]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation. Dismissal may be inappropriate, however, if it would cause the defendant to lose a substantial right.

Id. (internal citations and quotation marks omitted).

### B. Rule 11 Sanctions

By presenting to the Court a pleading, written motion, or other paper, an attorney certifies to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending or modifying existing law, or for establishing new law, and that the factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery). Fed. R. Civ. P. 11(b)(2-3); see also Lee v. Mid-State Land & Timber Co., Inc., 285 F. App'x 601, 608 (11th Cir. 2008).

Sanctions are appropriate pursuant to Rule 11 "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (internal quotation and citation omitted).

A court generally conducts a two-part inquiry when considering a motion for sanctions: (1) whether the party's claims are objectively frivolous in view of the facts or law, and, if so, (2) whether the person who signed the pleadings should have been aware that they were frivolous. See Worldwide Primates, 87 F.3d at 1254. Even if counsel had a good faith belief that the claims were sound, sanctions must be imposed if counsel failed to make a reasonable inquiry. Id.

III. **Analysis**

The Court will first address GS Holistic's Amended Motion to Dismiss Case Voluntarily Without Prejudice and then Defendants' Motion for Sanctions.

### A. GS Holistic's Motion to Voluntarily Dismiss

GS Holistic's Amended Motion to Dismiss Case Voluntarily Without Prejudice was filed after Defendants filed their answer. (Doc. # 18). GS Holistic thus needs Court approval. GS Holistic seeks to dismiss its case because "the correct cause of action which the Plaintiff should have alleged on the facts of the complaint was not trademark infringement, but rather patent infringement." (Doc. # 28 at 1-2).

The balance of equities in this case narrowly weighs in favor of granting the motion to voluntarily dismiss. Based on their representations, the parties have engaged in limited discovery, have not filed motions for summary judgment, and have not made significant preparations for trial, which is scheduled for the February 2024 trial term. Further, Defendants will not lose a substantial right if the Court allows GS Holistic to voluntarily dismiss the case. Instead, Defendants face only the prospect of a second suit – this time presumably premised on the correct cause of action – a scenario for which they have been prepared since October 2022. See Stachurski v. Wright Med. Tech., Inc., No. 12-80950-CIV, 2013 WL 12095269, at *3 (S.D. Fla. Nov. 27, 2013) (granting voluntarily dismissal despite plaintiffs' counsel failing to comply with discovery deadlines and finding that defendants

10

would not lose any legal rights where they pointed only to "the mere prospect of future litigation and of having incurred expenses" as potential prejudice).

As discussed below, the Court is disturbed by GS Holistic's counsel's actions in this case. However, it believes the most equitable path forward is to grant GS Holistic's Motion for Voluntary Dismissal, thereby avoiding any prejudice to GS Holistic and its potentially valid claims, while applying appropriate sanctions to its counsel.

Therefore, the Court grants GS Holistic's Amended Motion to Dismiss Case Voluntarily Without Prejudice.

B. **Defendants' Motion for Sanctions**

Defendants' Motion for Sanctions seeks attorney's fees and costs incurred in (1) answering the complaint, (2) preparing the Case Management Report, (3) preparing and submitting their Rule 26(a) initial disclosures, (4) responding to GS Holistic's motion to strike, (5) selecting a mediator, (6) engaging in discovery, and (7) bringing said sanctions motion. (Doc. # 30 at 15-16). Defendants bring the Motion pursuant to both Rule 11 and 28 U.S.C. § 1927, which allows for the recovery of attorney's fees and cost against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.

As an initial matter, district courts have authority to consider and rule upon the collateral issue of Rule 11 sanctions even after dismissing the case from which allegedly sanctionable conduct arose. See Macort v. Prem, Inc., 2005 WL 8151794 at *5 (11th Cir. 2005) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990) ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.")). "The same is true of motions under 28 U.S.C. § 1927 for sanctions and fees." Id.

Here, GS Holistic's counsel brought this suit without any evidence of trademark infringement. To prevail on a claim of trademark infringement, a plaintiff "must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." Suntree Techs., Inc. v. Ecosense Int'l, Inc., 693 F.3d 1338, 1346 (11th Cir. 2012) (citation omitted). Counsel has no evidentiary support for the factual contentions in the complaint. Indeed, GS Holistic

12

admitted as much in its response to the Request for Admissions, when it admitted that neither the Stündenglass Mark nor a nearly identical version of it were affixed to the gravity hookah or its packaging. It also admitted that the Investigation Worksheet – the only evidence on which the complaint was based – shows that the gravity hookah bore the ELATE label. Finally, the Investigation Worksheet was submitted to Ms. Penalta's firm on July 22, 2022, meaning that Ms. Penalta knew for months prior to the filing of the complaint that her client did not have any claim for trademark infringement against Defendants.

GS Holistic's counsel did not change course after receiving further information that its factual contentions and legal claims were not viable. Despite multiple warnings from Defendants' counsel that the trademark infringement allegations were meritless at the latest by October 18, 2022, and despite her multiple promises that she would amend the complaint, Ms. Penalta never filed an amended complaint. Instead, Ms. Penalta filed a motion to strike Defendants' answer, which reaffirmed the allegations in the complaint, stating that "Plaintiff has an investigation report from the sale of the counterfeit product, which includes pictures of the counterfeit product, the Defendant's store, and a receipt

13

of purchase." (Doc. # 22 at 6-7). Ms. Penalta filed the motion to strike on December 22, 2022 – more than two months after she acknowledged that the trademark infringement claims were improperly alleged and that the Investigation Worksheet did not support such claims.

Put simply, Ms. Penalta has wasted both Defendants' and the Court's time, and made misrepresentations to the Court which were objectively frivolous and which she knew to be false. The Investigation Worksheet demonstrates that GS Holistic's counsel never had evidentiary support for its trademark infringement claims, and the response to the Request for Admissions show that Ms. Penalta doubled down on these claims despite actual knowledge that they were untrue. Not only is the complaint replete with factual contentions that GS Holistic has now admitted were false, but Ms. Penalta reiterated such claims in another filing to the Court and stated that the Investigation Worksheet supported those claims. At no point did she seek to remedy the blatant factual errors in the complaint. Instead, from October 2022 to March 2023, she continued to pursue a case she knew had no factual or legal basis.

Therefore the Court finds that the Defendants have demonstrated that they are entitled to attorney's fees and

costs under both Rule 11 and 28 U.S.C. § 1927 and grants Defendants' Motion for Sanctions.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff GS Holistic, LLC's Amended Motion to Dismiss Case Voluntarily Without Prejudice (Doc. # 28) is **GRANTED**. The Clerk is directed to **CLOSE** this case.

(2) GS Holistic's Motion for Dismissal Without Prejudice (Doc. # 27) is **DENIED** as moot.

(3) Defendants Brother Pastor LLC, Matthew S. Moses, and Earl Burdette's Motion for Sanctions (Doc. # 29) is **GRANTED**. Defendants may file a separate motion for determination of their reasonable fees and costs. The Court retains jurisdiction to resolve this matter.

(4) GS Holistic's Motion for Extension of Time to File Expert Report and Extension of all Subsequent Deadlines (Doc. # 33) is **DENIED** as moot.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of June, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE