UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GS HOLISTIC, LLC,

       Plaintiff,

v.                        Case No. 8:22-cv-2179-VMC-TGW

BROTHER PASTOR LLC d/b/a
LARGO SMOKE SHOP, MATTHEW
S. MOSES, and EARL BURDETTE,

       Defendants.
_____/

## ORDER

    This matter comes before the Court pursuant to Defendants Brother Pastor LLC, Matthew S. Moses, and Earl Burdette's Motion for Determination of Attorney Fees, Costs, and Sanctions (Doc. # 36), filed on August 7, 2023. Plaintiff GS Holistic, LLC responded on August 21, 2023. (Doc. # 38). As set forth herein, the Motion is granted in part and denied in part.

## I.  Background

    The Court and the parties are familiar with the facts and procedural history of this case. Thus, the Court will not review that history in detail. Suffice it to say, on September 20, 2022, GS Holistic filed its complaint alleging trademark infringement and unfair competition in violation of 15 U.S.C.

§§ 1114 and 1125(a). (Doc. # 1). Despite months of discussion between the parties concerning the lack of factual basis to assert trademark claims against Defendants, GS Holistic continued to pursue the case.

On February 27, 2023, Defendants sent GS Holistic's counsel, Ms. Gabrielle Alexa Penalta, a Rule 11 letter with a copy of their motion for sanctions, placing her on notice that they would file the motion in twenty-one days unless GS Holistic amended or withdrew the complaint. (Doc. # 30-2 at 32). In response, GS Holistic filed its amended motion to dismiss the case voluntarily without prejudice on March 22, 2023. (Doc. # 28). Defendants filed their motion for sanctions the next day, seeking the imposition of sanctions against both GS Holistic and Ms. Penalta. (Doc. # 29). In the motion for sanctions, Defendants requested attorney's fees and costs "incurred in 1) answering [GS Holistic's] Complaint []; 2) preparing the Uniform Case Management Report []; 3) preparing and submitting Defendants' Rule 26(a) disclosures; 4) responding to [GS Holistic's] [m]otion to [s]trike []; 5) selecting a mediator; 6) engaging in discovery and 7) bringing th[e] [m]otion for [s]anctions." (Id. at 15-16).

On June 20, 2023, the Court granted GS Holistic's amended motion to dismiss case voluntarily without prejudice and

2

granted Defendant's motion for sanctions. (Doc. # 34). The Court found that the imposition of sanctions in the form of attorney's fees and costs against GS Holistic and its counsel, Ms. Penalta, was warranted under both Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. (Id. at 11-15). The Court wrote: "Put simply, Ms. Penalta has wasted both Defendants' and the Court's time, and made misrepresentations to the Court which were objectively frivolous and which she knew to be false." (Id. at 14).

Now, Defendants seek a determination of the amount of reasonable attorney's fees and costs to be imposed as a sanction. (Doc. # 36). The Motion is fully briefed (Doc. ## 38, 39) and ripe for review.

## II.  Discussion

Defendants ask for $40,070.00 in attorney's fees, $13,800.00 in expert fees for the attorney's fees expert as costs, $2,052.00 in other costs related to Defendant Moses's taking out of loans to pay defense counsel's fees, and prejudgment interest. (Doc. # 36). The Court will address these categories in turn.

As a preliminary matter, the Court notes that the sanctions imposed on Ms. Penalta are also imposed against her firm, The Ticktin Law Group, PA, jointly. See Fed. R. Civ. P.

3

11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.").

### A.  **Attorney's Fees**

"When a statute or rule of law permits an award of reasonable attorneys' fees . . . , a court should utilize the lodestar method in computing the appropriate fees." <u>Baker v. Fid. Mortg. Direct Corp.</u>, No. 8:10-cv-2596-SCB-TBM, 2011 WL 1560665, at *3 (M.D. Fla. Apr. 25, 2011) (citing <u>Norman v. Hous. Auth. of City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988)). "Under the lodestar method, a court determines the objective value of a lawyer's services by multiplying the hours reasonably expended by a reasonable hourly rate." <u>Id.</u>

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Norman</u>, 836 F.2d at 1299. "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." <u>Id.</u> "Furthermore, fee applicants are required to exercise 'billing judgment.'" <u>Omnipol, A.S. v. Worrell</u>, No. 8:19-cv-794-VMC-TGW, 2021 WL 1842212, at *2 (M.D. Fla. Mar. 23, 2021) (citation omitted), <u>report and recommendation adopted</u>, No.

8:19-cv-794-VMC-TGW, 2021 WL 1840513 (M.D. Fla. May 7, 2021). "If they do not exclude 'excessive, redundant, or otherwise unnecessary hours,' the court must exercise billing judgment for the applicant." Id. (citation omitted). "The fee opponent 'has the burden of pointing out with specificity which hours should be deducted.'" Id. (citation omitted). "There is a strong presumption that the lodestar yields a reasonable fee for this purpose." In re Home Depot Inc., 931 F.3d 1065, 1082 (11th Cir. 2019).

As mentioned above, Defendants request $40,070.00 for the work of three attorneys and a paralegal. (Doc. # 36 at 9). Defendants support their claim for attorney's fees with the declarations of counsel Crystal Broughan, Defendant Moses, and an attorney's fees expert, Dineen Wasylik. (Doc. # 36-1; Doc. # 36-2; Doc. # 36-3). Ms. Broughan's declaration reveals that the "total time expended by the Defense team through July 31, 2023" was 100.4 hours. (Doc. # 36-2 at 6-7). Broughan explains that Defendants' counsel "exercised billing judgment to remove any hours [they] deemed duplicative or excessive for the tasks performed." (Id. at 6). According to the Motion, "[p]rior to the case rising to the level of Defendants seeking Rule 11 sanctions, the total time spent on the case by all of Defendants' timekeepers was

39.2 hours." (Doc. # 36 at 5). Defendants' counsel spent 13.2 hours preparing the motion for sanctions and 20.7 hours responding to GS Holistic's motion to voluntarily dismiss the case without prejudice. (Id. at 5-6). Finally, Defendants' counsel spent 26.7 hours researching and preparing the instant Motion, including obtaining the attached declarations. (Id. at 6). However, upon review of the hours billed by Defendants' counsel, Ms. Wasylik opined that only 99.6 hours were reasonably expended, for a total of $40,070 in reasonable attorney's fees. (Doc. # 36-3 at 16). Ms. Wasylik reached the 99.6 hours after reducing the 100.4 total hours by 0.7 hours of Ms. Broughan's time on administrative or clerical tasks between July 17 and 19, 2023. (Id. at 11).

Ms. Broughan, a partner with twenty-three years' experience, billed at a reasonable hourly rate of $500. (Doc. # 36 at 9). Mitchell Ghaneie, a partner and patent attorney with eight years' experience, initially billed at an hourly rate of $500 but later voluntarily reduced his rate to $250 an hour. (Id.). Associate attorney Julianna Favale, with nearly two years' experience, billed at an hourly rate of $350. (Id.). Finally, paralegal Erin Poovey billed at an hourly rate of $175. (Id.).

In response, GS Holistic agrees that the hourly rates charged by Defendants' counsel are reasonable. See (Doc. # 38 at 2) ("[T]he Plaintiff does not challenge the hourly fee charged."). But GS Holistic insists that an across-the-board reduction of the attorney's fees "to an amount between $15,000 and $20,000" is appropriate because "there was no need for much of the work to have been done where there was an irrefutable and determinative fatal flaw in [GS Holistic's] case." (Id. at 2-3). It also argues that defense "counsel failed to exercise billing judgment and [are] improperly seeking attorneys' [fees] for non-compensable or non-reimbursable hours." (Id. at 3). If the Court is not inclined to issue an across-the-board reduction, GS Holistic has identified numerous entries in Defendants' attorney's fees ledger that it maintains should be reduced. (Doc. # 38-2; Doc. # 38-3). According to GS Holistic's calculation, Defendants' attorney's fees of $40,070.00 should be reduced by $16,875.00. (Doc. # 38 at 8). This would reduce the approximately 100 hours of attorney time by 38.10 hours, for a total of 61.90 hours remaining. (Id.).

The Court disagrees with GS Holistic's assertion that Defendants spent too many hours working on this case, given its frivolous nature. Although GS Holistic and its counsel

never should have filed this trademark infringement action in the first place, they did. And they continued litigating it actively for months after Defendants advised GS Holistic of the lack of factual or legal foundation for the case. GS Holistic and counsel's decision to actively litigate this action after being alerted to the case's frivolousness — including requiring Defendants to file an answer, filing a motion to strike Defendants' affirmative defenses, scheduling mediation, and failing to dismiss this action during the 21-day safe harbor after being served with the motion for sanctions — necessitated defense counsel's extensive time dedicated to the case.

Furthermore, GS Holistic, through counsel, informed Defendants that it would be amending the complaint to assert a patent infringement claim. Thus, Defendants reasonably dedicated hours of attorney time to investigating the anticipated non-frivolous claim. These hours were wasted only because GS Holistic failed to timely amend the complaint to assert the patent claim.

Notably, Defendants have already made concessions in their billing to account for this odd procedural situation created by GS Holistic's misconduct. One of Defendants' attorneys, Mr. Ghaneie, "voluntarily reduced his hourly rate"

8

— by 50% — "as a patent attorney once he realized [GS Holistic's] counsel was not going to file an amended complaint for patent infringement and the Defense was going to have to defend the Defendants in a frivolous case." (Doc. # 36 at 10). The Court agrees with Defendants' fee expert, Ms. Wasylik, that Mr. Ghaneie's "reduction in fee shows a strong exercise of billing judgment." (Doc. # 36-3 at 7).

In short, an across-the-board reduction in Defendants' attorney's fees is unwarranted here. The lodestar is the appropriate method to apply. Defendants are entitled to all reasonable attorney's fees incurred in, among other things, answering the complaint, preparing the Case Management Report, preparing and submitting Defendants' Rule 26(a) disclosures, responding to GS Holistic's motion to strike, selecting a mediator, engaging in discovery, bringing the motion for sanctions, and bringing the instant Motion. See Norelus v. Denny's, Inc., 628 F.3d 1270, 1302 (11th Cir. 2010) ("The district court [] acted within the scope of its discretion by including in the sanctions award the costs, expenses, and attorney's fees incurred by the defendants in obtaining the award."); Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for

the motion [for sanctions].”). Because this case was frivolous from the very beginning and Defendants advised GS Holistic's counsel of the frivolous nature of the case before Defendants even appeared in this action (Doc. # 34 at 2-3), effectively all of Defendants' reasonable attorney's fees and costs incurred in defending this case are recoverable by Defendants.

However, the Court will address some specific charges in Defendants' fee ledger to which GS Holistic objects. First, the Court rejects GS Holistic's assertion that hours incurred by Defendants' counsel in seeking dismissal of this case with prejudice, including responding in opposition to GS Holistic's motion to dismiss the case without prejudice, should be excluded from the award of attorney's fees. (Doc. # 38 at 4). Defense counsel were zealously advocating for their clients in seeking dismissal with prejudice of this frivolous case, given the sanctionable conduct of GS Holistic and its counsel throughout the entirety of the case. While the Court ultimately permitted the case to be dismissed without prejudice as GS Holistic desired, Defendants were not unreasonable in seeking dismissal with prejudice and reasonably incurred over 20 hours in drafting their response to GS Holistic's motion for dismissal without prejudice and

in compiling the over 100 pages of exhibits that supported the response. (Doc. # 36-3 at 10; Doc. # 30).

Next, GS Holistic has not persuaded the Court that any of the hours billed by defense counsel were duplicative or redundant because two or more attorneys were performing work for Defendants. (Doc. # 38 at 5). "There is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." Norman, 836 F.2d at 1302. Upon review of the fee ledgers, the fee entries to which GS Holistic objects (Doc. # 38-3), and Ms. Wasylik's declaration, the Court agrees with Defendants and Ms. Wasylik that counsel exercised good billing judgment and did not unreasonably have two or more lawyers perform the same work. (Doc. # 36-3 at 8).

Finally, GS Holistic's objection that some of the tasks for which Defendants' counsel billed are administrative or clerical in nature has a bit more merit. (Doc. # 38 at 6); see Cordova v. R & A Oysters, Inc., No. CV 14-0462-WS-M, 2016 WL 2642220, at *4 (S.D. Ala. May 9, 2016) ("Hours for clerical activity will thus be cut in their entirety."); Machado v. Da Vittorio, LLC, No. 09-23069-CIV, 2010 WL 2949618, at *3 (S.D.

11

Fla. July 26, 2010) ("Clerical work, such as the compilation of facts and statistics, coordinating schedules, basic communications, procedural matters, and housekeeping matters, is usually performed by legal assistants, not lawyers."). While most of the fee entries to which GS Holistic objects are reasonable (and the Court is not convinced that any constitute impermissible block billing), a few fee entries identified by GS Holistic are clerical in nature. For example, an October 14, 2022, entry for 0.2 hours for a call to Ms. Penalta's legal assistant to schedule a call with Ms. Penalta was clerical. (Doc. # 38-3 at 1). Also clerical were three entries involving emailing the mediator to schedule the mediation and later canceling it after the case's dismissal, for a total of 0.4 hours. (Id. at 3, 6).

Likewise, certain emails between Defendants' counsel and Ms. Wasylik, regarding the timeline for the signing of a letter of engagement, as well as the uploading and emailing of relevant documents and invoices to Ms. Wasylik for her review, were clerical, for a total of 1.2 hours. (Id. at 7-10). Notably, some of these fee entries related to Ms. Broughan's communications with Ms. Wasylik (0.7 hours incurred between July 17 and 19) were already removed as administrative by Ms. Wasylik in reaching her total of 99.6

hours of reasonable attorney time. (Doc. # 36-3 at 11). Thus, the 1.2 hours should be reduced by 0.7, for a total of 0.5 hours of administrative tasks regarding Ms. Wasylik to be deducted from the 99.6 hours figure.

Yet, many of the fee entries to which GS Holistic objects — including editing a notice of appearance, editing a draft affidavit, and emails with Ms. Wasylik discussing the amount and the reasonableness of attorney's fees — are not clerical. (Id. at 1, 6-10). These tasks are not clerical as they involve the exercise of legal judgment.

In short, 1.1 hours of fee entries should be cut as clerical from the 99.6 total hours, reducing the recoverable attorney's fees by $550. The Court awards Defendants a total of $39,520 in attorney's fees.

## B. **Costs**

Defendants ask for an award of two types of costs, which they claim are reasonable: (1) $13,800.00 in expert fees for hiring Dineen Wasylik, an attorney and expert on reasonable attorneys' fees and costs in trademark infringement cases; and (2) $2,052 for the direct loan expenses Defendant Moses incurred. (Doc. # 36 at 14-15).

If "warranted for effective deterrence," the Court may enter a sanctions order "directing payment to the movant of

13

part or all of the reasonable attorney's fees **and other expenses directly resulting from the violation**." Fed. R. Civ. P. 11(c)(4) (emphasis added). Likewise, Section 1927 allows for the imposition of "excess costs" and "expenses" "reasonably incurred because of" the attorney's unreasonable and vexatious conduct. 28 U.S.C. § 1927.

As to the expert fees, Defendants explain that they hired Ms. Wasylik to review their fee ledgers and other materials to determine the reasonable attorney's fees to be charged in this trademark infringement case. (Doc. # 36 at 14). Ms. Wasylik spent twenty-three hours reviewing documents and drafting her declaration, at an hourly rate of $600, for a total of $13,800. (Doc. # 36-3 at 15).

The Eleventh Circuit has acknowledged the value of expert opinions to establishing the amount of reasonable attorney's fees. See Norman, 836 F.2d at 1299 (emphasizing that "more than the affidavit of the attorney performing the work" is needed to establish the prevailing market rate for attorney's fees and noting that "[e]vidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by **opinion evidence**" (emphasis added)). Given the value of expert testimony to establishing the reasonable attorney's fee award, the Court finds that

14

Defendants are entitled to recover the reasonable cost of Ms. Wasylik's services. See Blossom v. Blackhawk Datsun, Inc., 120 F.R.D. 91, 98 (S.D. Ind. 1988) (including the attorney's fees expert witness's fee in the award of reasonable attorney's fees and costs as sanctions under Rule 11); Gutierrez v. City of Hialeah, 729 F. Supp. 1329, 1335 (S.D. Fla. 1990) ("Given the perverse possibility that the imposition of Rule 11 sanctions will often give rise to satellite litigation, the need to deter frivolous litigation demands that this Court not only impose sanctions where Rule 11 is violated, but to also award attorneys' fees and costs in pursuing such sanctions.").

GS Holistic asserts that "[e]xpert witness fees in excess of the statutory amount under 28 U.S.C. § 1821 limits are not recoverable." (Doc. # 38 at 6). This is incorrect. This Court is not limited by Section 1821 or 28 U.S.C. § 1920 in the amount of expert fees that can be awarded as a sanction under Rule 11 and Section 1927. Barrios v. Regions Bank, No. 5:13-cv-29-WTH-PRL, 2013 WL 5230653, at *10 (M.D. Fla. Sept. 16, 2013) ("Although the other requested costs are not enumerated in 28 U.S.C. § 1920, the Court likely has authority to tax such costs pursuant to Rule 11, 28 U.S.C. § 1927, and its own inherent authority."), aff'd, 572 F. App'x 839 (11th

Cir. 2014). Rather, Rule 11 and Section 1927 themselves limit what costs and expenses may be imposed, by providing that "expenses directly resulting from the violation" of Rule 11 and "expenses" "reasonably incurred because of" the sanctioned attorney's unreasonable and vexatious conduct are recoverable. Fed. R. Civ. P. 11(c)(4); 28 U.S.C. § 1927.

The only case cited by GS Holistic regarding a limitation on costs, Pinkham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996), is neither binding on this Court nor persuasive as to the issue before the Court. That case involved the award of attorney's fees and costs to the prevailing party in a copyright case under 17 U.S.C. § 505 and whether the "full costs" awardable under Section 505 were limited by 28 U.S.C. § 1920 and Section 1821. Id. at 293-95. Pinkham did not involve an award of fees and costs as a sanction under Rule 11 or Section 1927. Id. Furthermore, Section 1821 sets at $40 the attendance fee a witness may charge "for each day's attendance" "at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States." 28 U.S.C. § 1821(a)(1) & (b). The expert fees here are not to cover attendance at any deposition or court proceeding. Rather, the expert fee

16

here covers the expert's preparation of a declaration. Thus, the Court rejects GS Holistic's argument.

The Court must determine, however, whether the fee charged by Ms. Wasylik was reasonable in this case. Ms. Wasylik's hourly rate of $600 is reasonable for an attorney of her experience and ability. Furthermore, upon review, Ms. Wasylik's dedication of twenty-three hours to reviewing the record and drafting her expert declaration were reasonable. (Doc. # 36-3). The declaration is sixteen-pages and provides an in-depth analysis of the reasonable hours expended by counsel. (Id.). In its discretion and applying the Court's experience and common sense, the Court awards the entirety of Ms. Wasylik's fee of $13,800. See Norman, 836 F.2d at 1303 ("The court . . . is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (citation omitted)). Accordingly, the Motion is granted with respect to the expert fees.

Next, Defendants seek to recover $2,052 "in direct loan expenses" Defendant Moses incurred "when he applied for an $8,000 loan in May 2023" "to afford legal representation in this case." (Doc. # 36 at 14). Defendants maintain that GS

17

Holistic and its counsel "should be responsible for paying these direct loan expenses which were incurred after [the] Rule 11 Motion was filed." (Id.).

While the Court sympathizes with Defendants, the Court in its discretion determines that these loan expenses are not a reasonable cost that should be imposed on GS Holistic and its counsel. Defendants' choice to take out loans to finance their defense, while understandable, was their own. Furthermore, the relevant loan was taken out after the vast majority of defense counsel's work was complete; notably, Defendants' motion for sanctions and GS Holistic's motion to voluntarily dismiss the case were both filed in March 2023, months before Defendant Moses took out the loan in May 2023. (Id. at 14). Given that all reasonable attorney's fees and expert fees incurred by Defendants are being awarded to them, it would be excessive to additionally award Defendants these loan expenses. Thus, the Motion is denied as to these loan costs.

C.   **Prejudgment Interest**

Finally, Defendants seek the imposition of 12.95% prejudgment interest on the award of attorney's fees and costs, calculated from the date the case was filed in September 2022. (Doc. # 36 at 15). In support, Defendants

cite a Fifth Circuit case in which the court upheld the district court's award of prejudgment interest as a Rule 11 sanction. (Id.) (citing F.D.I.C. v. Maxxam, Inc., 523 F.3d 566, 594-95 (5th Cir. 2008) (affirming award of prejudgment interest on sanctions award "under its inherent powers based on 'the cost of the delay for the fees and expenses'")).

But "[a] number of courts have held that an award of prejudgment interest on a sanction award is inappropriate." Ala. Aircraft Indus., Inc. v. Boeing Co., No. 2:11-CV-03577-RDP, 2020 WL 13260391, at *2 (N.D. Ala. June 11, 2020); see also Hoffman v. L & M Arts, No. 3:10-CV-0953-D, 2015 WL 3999171, at *10 (N.D. Tex. July 1, 2015) (in the context of Rule 37 sanctions, declining to award prejudgment interest on an award of attorney's fees). "The reason courts award prejudgment interest is to 'fully compensate plaintiffs by accounting for the time-value of money' that was wrongly withheld." Ala. Aircraft Indus., Inc., 2020 WL 13260391, at *3 (citation omitted). "On the other hand, a sanction award (at least the type imposed here) is designed to require a party to pay its opponent's attorney fees." Id. "Generally, a sanction is not intended 'to compensate the prevailing party for the loss of use of monies owed.'" Id. (citation omitted).

Upon reflection and in its discretion, the Court declines to award prejudgment interest on the attorney's fees and costs award here. See Id. ("After careful review, the court determines that AAI is not entitled to prejudgment interest on the sanction award entered against Boeing.").

### III. Conclusion

Thus, the Court determines that the instant Motion is granted in part and denied in part, with Defendants awarded $39,520 in attorney's fees and $13,800 in costs. The Court is mindful that this is a large sanctions award. However, these reduced fees and costs are reasonable, given the work Defendants' counsel and its expert were required to perform in litigating the case and pursuing sanctions.

The purpose of Rule 11 sanctions is to "'reduce frivolous claims, defenses or motions' and to deter 'costly meritless maneuvers,' thus avoiding unnecessary delay and expense in litigation." Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987). Likewise, "[t]he purpose of [Section] 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them." Boler v. Space Gateway Support Co. LLC, 290 F. Supp. 2d 1272, 1277 (M.D. Fla. 2003).

Here, the need for deterrence is strong. The Court notes that GS Holistic is a frequent litigant, having filed forty-seven cases in the Middle District of Florida alone and approximately seven hundred cases across the country. (Doc. # 36-3 at 12). Given its frequent resort to the federal courts, it is imperative that GS Holistic comport itself in accordance with Rule 11 in other pending and future cases.

The deterrent function of this sanctions award is likewise important as to Ms. Penalta, given the waste of judicial resources and numerous rule violations committed in this case and Ms. Penalta's various other cases in this District. See, e.g., GS Holistic, LLC v. Kinder Combs 7 LLC, No. 3:22-cv-1206-TJC-LLL, 2023 WL 5104701, at *1 (M.D. Fla. Aug. 9, 2023) ("In each of the above [six] cases listed in the caption, Ms. Penalta has failed to take some action required by the Local Rules of this Court by either failing to timely file a case management report, failing to timely move for clerk's default or default judgment. She has been repeatedly warned. Enough is enough. Each of the above listed cases are **dismissed without prejudice**." (emphasis in original)); IMiracle (HK) Limited v. Okie Smoky LLC, Case No. 3:22-cv-1389-MMH-MCR (M.D. Fla. July 5, 2023) at (Doc. # 40) (order recounting numerous cases in which Ms. Penalta has

21

failed to follow the Local Rules, describing her practice in this Court as "exceedingly careless," and warning Ms. Penalta that future violations will carry consequences throughout the district); GS Holistic, LLC v. Venice Smoke Shop #3, Inc., No. 3:22-cv-1364-HES-PDB (M.D. Fla. Mar. 6, 2023) at (Doc. # 16) (noting multiple Local Rule violations by Ms. Penalta and ordering her to "file a paper certifying she has read the Local Rules and will comply with them").

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants Brother Pastor LLC, Matthew S. Moses, and Earl Burdette's Motion for Determination of Attorney Fees, Costs, and Sanctions (Doc. # 36) is **GRANTED** in part and **DENIED** in part.

(2) The Court awards $39,520 in attorney's fees and $13,800 in costs for Defendants and against GS Holistic and its counsel, Gabrielle Alexa Penalta and The Ticktin Law Group, PA, jointly.

(3) The Clerk is directed to enter a judgment of attorney's fees and costs for Defendants Brother Pastor LLC, Matthew S. Moses, and Earl Burdette and against Plaintiff GS Holistic, LLC, and Gabrielle Alexa Penalta

and The Ticktin Law Group, PA, jointly in the total amount of $53,320.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of September, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE